IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT HUDDLESTON, Jail ID# 99063951, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:14-cv-01552 |
| WILSON COUNTY CRIMINAL JUSTICE COMPLEX *et al.*, | ) ) Judge Campbell ) ) |
| Defendants. | ) |

### **MEMORANDUM OPINION**

Plaintiff Robert Huddleston, an inmate confined at the Wilson County Jail in Lebanon, Tennessee, brings this *pro se* civil rights action under 42 U.S.C. § 1983. alleging that he has been discriminated against on the basis of his religion and his race by jail officials. The plaintiff names as defendants the following: Wilson County Criminal Justice Complex (*i.e.*, the Wilson County Jail); Wilson County; Sheriff Robert Bryan (named in his official capacity only); Cpt. Kent Beasley, and Lt. Doug Whitefield. The complaint is before the Court for an initial review in accordance with the Prison Litigation Reform Act ("PLRA").

The Court observes that many—indeed most—of the claims asserted in the present complaint are duplicative of those asserted in a previous complaint that was dismissed under the PLRA for failure to state a claim for which relief could be granted. *See Huddleston v. Bryan*, No. 3:14-cv-01387 (M.D. Tenn. July 3, 2014) (Sharp, J.) (ECF Nos. 3 and 4, memorandum opinion and order of dismissal). Rather than seeking permission to amend that complaint in order both to avoid dismissal and to avoid being assessed the filing fee a second time, the plaintiff has now submitted a wholly new complaint, supported by additional facts.

**I.     Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal

standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II.     Factual Allegations

The plaintiff alleges that, as a matter of jail policy, he has not been permitted to meet with his personal Baptist pastor for counseling sessions. He asserts that the denial of his request to meet with his personal pastor amounts to religious discrimination enforced as a matter of policy by the Wilson County Jail. The request was denied on the basis that the plaintiff's personal pastor is not a part of the Wilson County Jail ministry. The plaintiff alleges that the Wilson County Jail ministry does not include any Baptist pastors.

The plaintiff further alleges that he has been injured by "racial bias" from jail employees who have randomly and without due process sent him to solitary confinement on several occasions. He asserts that jail employees have an unwritten policy of hostility toward African American inmates and that they continually create a "racially negative" environment at the jail. His complaint also relies on grievances attached to the complaint, one of which asserts that Officer Bennett cursed him out for no reason on one occasion, and on another occasion sent him to solitary confinement for having conduct that did not violate jail policy (having "stuff" sitting on his bunk). The plaintiff does not name Officer Bennett as a defendant, however.

Other grievances attached to the complaint allege that the plaintiff's legal mail was opened outside his presence and in violation of his rights, and that Lt. Whitefield and Lt. Howard subjected him to cruel and unusual punishment by sending him to solitary confinement for 31 days plus 5 additional days without a write-up or due process.

## III.     Discussion

The plaintiff brings claims under 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The plaintiff also apparently brings a claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), which states in pertinent part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

Under this provision, a plaintiff can establish a violation of his federally protected rights by proving that prison or jail regulations constitute a "substantial burden" on the plaintiff's religious exercise, and that the regulations are not in furtherance of a compelling governmental interest that is furthered through the least restrictive means. *Cutter v. Wilkinson*, 544 U.S. 709, 715 (2005). In determining whether an imposed regulation constitutes a "substantial burden," the Court looks to whether pressures are imposed on the inmate to significantly modify behavior and violate sincerely held religious beliefs. *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007) (citing *Sherbert v. Verner*, 374 U.S. 398, 404 (1963)). Although the complaint in this action is not a model of clarity, it may reasonably be construed to imply that the jail policy prohibiting the plaintiff from meeting with his own Baptist pastor without providing access to an approved Baptist jail ministry pastor constitutes a substantial burden on the plaintiff's religious exercise,

and that the jail's refusal to authorize the plaintiff to meet with his pastor or to include the plaintiff's pastor as an approved member of the jail ministry is not the least restrictive means of furthering a compelling government interest. The Court finds that the plaintiff states a colorable claim for violation of the RLUIPA against Sheriff Robert Bryan in his official capacity and against Wilson County itself.

The Court also construes the complaint as asserting that defendant Lt. Doug Whitefield violated the plaintiff's rights under the Eighth Amendment by placing the plaintiff in solitary confinement for 31 days plus an additional 5 days without due process. The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those that are incompatible with "evolving standards of decency that mark the progress of a maturing society" or that "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions that are restrictive or even harsh, but not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Specifically regarding administrative segregation, the Sixth Circuit has held that, "to determine whether segregation of an inmate from the general prison population involves the deprivation of a state-created liberty interest protected by the due process clause, courts are to determine if the segregation imposes an 'atypical and significant' hardship on the inmate 'in relation to the ordinary incidents of prison life.'" *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). In *Jones*, the court held that administrative segregation for a period of two and a half years pending a disciplinary hearing did not constitute a "atypical and significant hardship." The court noted that it had repeatedly, in previous cases, held that administrative segregation does not involve a significant hardship "implicating a protected liberty interest without regard to duration." *Id.* (citations omitted); *see also Evans v. Vinson*, 427 F. App'x 437, 442 (6th Cir. 2011) (holding that a prisoner failed to state a due-process claim arising from his nine-day placement in administrative segregation as a result of a false-positive drug test, because the prisoner could not establish "that he had a liberty interest in avoiding temporary placement in administrative segregation"). Based on this precedent, the Court finds that the plaintiff fails to state a due-process claim based on the alleged 30-day confinement in administrative segregation without due process.

The plaintiff has also sued the Wilson County Jail. The Wilson County Jail is a facility operated by the Wilson County Sheriff Department, which is, in turn, a division of Wilson County. The jail is a building, not a "person" or a suable entity under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb.4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). Moreover, to the extent the claim against the Wilson County Jail might be liberally construed to be asserted against Wilson County, such a claim would be redundant of the claims asserted against Wilson County and against Sheriff Bryan in his official capacity. Accordingly, the claim against the Wilson County Jail is subject to dismissal under the PLRA for failure to state a claim for which relief may be granted.

Regarding the claim against defendant Cpt. Kent Beasley, to establish the liability of any individual defendant for a constitutional violation under the second prong of this test, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)). Other than listing Cpt. Kent Beasley as a defendant, the complaint fails to mention this defendant or to allege his personal involvement in any unconstitutional behavior. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights). Because the plaintiff's claim against Cpt. Kent Beasley falls short of the minimal pleading standards, the claim must be dismissed.

Finally, the plaintiff attempts to state a claim based on jail officials' allegedly opening his legal mail outside his presence. The plaintiff fails to state a colorable claim, however, because he does not allege that

prison officials' conduct has in any way affected his access to the courts or prejudiced pending litigation. *See Lewis v. Grider*, 27 F. App'x 282, 283 (6th Cir. 2001) (holding that the *pro se* prisoner failed to state a claim for interference with his access to courts based on prison officials' opening his legal mail, because "he alleged no prejudice to any pending litigation"); *see also Corsetti v. McGinnis*, 24 F. App'x 238, 241 (6th Cir. 2001) ("Regarding the alleged reading of Corsetti's legal mail and legal materials, Corsetti has not alleged, nor is there any evidence, that any papers were seized or that the defendants' reading of the papers caused actual injury or 'hindered his efforts to pursue a legal claim.'" (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996))). The Court therefore finds that the complaint fails to state a claim under § 1983 based on jail officials' allegedly opening, and possibly reading, the plaintiff's legal mail outside his presence.

The plaintiff otherwise states vague claims of retaliation and race discrimination, but he fails to include factual allegations as to conduct perpetrated by named defendants to substantiate such claims. These claims too are subject to dismissal for failure to state a claim for which relief may be granted.

**IV. Conclusion**

For the reasons set forth herein, the claims against defendants Wilson County Criminal Justice Complex (Wilson County Jail), Cpt. Kent Beasley, and Lt. Doug Whitehead will be dismissed for failure to state a claim for which relief may be granted. The RLUIPA claims against Wilson County and Sheriff Robert Bryan in his official capacity will, at this stage, be permitted to proceed.

An appropriate order is filed herewith.

*Todd Campbell*
Todd Campbell
United States District Judge