IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBERT HUDDLESTON | ) | |
| | ) | |
| v. | ) | NO. 3:14-1552 |
| | ) | |
| WILSON COUNTY CRIMINAL | ) | |
| JUSTICE COMPLEX, et al. | ) | |

TO:    Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By Order entered August 6, 2014 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is the motion for summary judgment (Docket Entry No. 23) of Defendants Wilson County, Tennessee, and Robert Bryan. Plaintiff opposes the motion. *See* Docket Entry Nos. 34 and 36-38. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

# I. BACKGROUND

Plaintiff is currently an inmate confined at the Wilson County Jail ("Jail") in Lebanon, Tennessee. He filed this action *pro se* and *in forma pauperis* on July 28, 2014, based upon events occurring at the Jail. Upon initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e, the Court dismissed all claims in the action except for a single claim that the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1(a) was violated. The RLUIPA claim was permitted to proceed against Wilson County Sheriff Robert Bryan ("Bryan"), in his official capacity, and against Wilson County, Tennessee ("Wilson County"), based upon Plaintiff's assertion that his ability to practice his religion had been restricted at the Jail. *See* Memorandum (Docket Entry No. 3) at 3-4. Plaintiff alleges that he made a written request to Jail staff on February 26, 2013, that his personal Baptist pastor be permitted to visit him at the Jail for counseling but that the request was denied for the stated reason that his pastor was not a part of the Wilson County Jail ministry. *See* Complaint (Docket Entry No. 1) at 7 and 13. Plaintiff further contends that his personal pastor was refused a religious visit on March 13, 2013, that the Jail ministry list does not include any Baptist pastors, and that the Jail discriminates against inmates based on religious practices. *Id*. at 12. Upon Defendants' filing of an answer, a scheduling order was entered providing for a period of pretrial activity. *See* Docket Entry No. 20.

In their motion for summary judgment, Defendants assert that they are entitled to summary judgment as a matter of law because there are no genuine issues of material fact that must be resolved at trial. Defendants set forth evidence that: 1) any person, including clergy, may visit inmates at the Jail during standard visiting hours; 2) clergy who wish to have more visits are permitted to do so once they are approved for the Jail's ministry list after undergoing a background

2

check and orientation; 3) there are Baptist ministers on the Jail's ministry list; 4) Plaintiff's personal minister has not been discouraged or prevented from undergoing the process of becoming approved for the Jail's ministry list; and 5) Plaintiff has not been denied access from visiting with any approved clergy or discriminated against in any manner because of his religious beliefs. Based upon these facts, Defendants argue that Plaintiff cannot set forth evidence establishing a *prima facie* case under RLUIPA because there is no evidence that he suffered a substantial burden to his free exercise of religion and no evidence that the challenged Jail policy of requiring clergy to go through a screening process (i) does not further a compelling governmental interest and (ii) is not the least restrictive means to further this interest. Defendants support their motion with a statement of undisputed facts (Docket Entry No. 25) and the declaration of Jail Lieutenant Doug Whitefield (Docket Entry No. 23-1).

Plaintiff responds by arguing that factual issues exist that require a trial. He contends that: 1) Doug Whitefield did not oversee decisions regarding religious visits at the time of the events at issue and those matters were overseen by another Jail official, Kent Beasley; 2) Plaintiff's personal Baptist pastor, Jeffery Maynard, attempted on several occasions to speak with Mr. Beasley about the approved ministry list but was unable reach him and no one from the Jail returned messages from Mr. Maynard; and 3) members of Plaintiff's church had been approved in the past to be part of the Jail's ministry list. *See* Docket Entry Nos. 34 and 37. Plaintiff further argues that it is a hardship for Jail inmates to place clergy on their regular visitors list because inmates can only change their visitors list every three months and that, although there is one Baptist clergy on the Jail's ministry list, this does not sufficiently provide for the inmate population and this clergy is not ordained to perform certain religious acts which Plaintiff desires, such as the "laying of hands." *See* Docket

3

Entry No. 38. Plaintiff supports his response with a response to Defendants' statement of undisputed material facts, *see* Docket Entry No. 38, and with the unsworn statements of Jeffery Maynard and Katherine Garrett Huddleston. *See* Docket Entry Nos. 36 and 37.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unlike ruling on a motion to dismiss, in considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50.

However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### III. CONCLUSIONS

Summary judgment should be granted to Defendants. There is insufficient evidence before the Court upon which a reasonable jury could find in favor of Plaintiff on his RLUIPA claim, and no genuine issues of material fact exist which require that this case proceed to trial.

As an initial matter, the only relief requested by Plaintiff in the Complaint is the assessment of monetary damages. *See* Complaint (Docket Entry No. 1) at 7, Section V. However, RLUIPA

5

does not authorize monetary damages as a form of relief against a government or its officials for violations of its provisions. *Sossamon v. Texas*, 563 U.S. 277, 280, 131 S. Ct. 1651, 179 L. Ed. 2d 700 (2011); *Haight v. Thompson*, 763 F.3d 554, 568-570 (6th Cir. 2014). Accordingly, this action warrants dismissal as a matter of law for this reason alone.

Although dismissal is required for the reason noted above, in light of Plaintiff's *pro se* status, the Court will briefly address the merits of a RLUIPA claim as if injunctive relief had been sought by Plaintiff. RLUIPA provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person — (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a). Plaintiff bears the initial burden of showing that the challenged action substantially burdened the exercise of his religion. 42 U.S.C. § 2000cc–2(b). *See also Holt v. Hobbs*, __U.S.__, 135 S.Ct. 853, 860, 190 L.Ed.2d 747 (2015); *Haight*, 763 F.3d at 559–60. Although not defined by RLUIPA, an action creates a substantial burden "when that action forced an individual to choose between 'following the precepts of [their] religion and forfeiting benefits' or when the action in question placed 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Barhite v. Caruso*, 377 Fed.App'x 508, 511 (6th Cir. 2010) (citations omitted).

The facts of Plaintiff's case simply do not meet the substantial burden threshold. There is no evidence before the Court that Plaintiff has been forced to forgo his religious beliefs, violate his religious beliefs, or refrain from worshiping because of the Jail policy at issue. To the contrary, the

6

undisputed facts show that clergy were permitted to visit inmates at the Jail as part of the regular inmate visitation process and that the Jail provides a procedure for clergy to be approved for visits in addition to those permitted through the regular inmate visitation process. The undisputed evidence further shows that Baptist clergy were, in fact, on the Jail's ministry list.

Policies requiring the prior approval of religious volunteers in a correctional institution have been found to not constitute a substantial burden under RLUIPA. *See Jihad v. Fabian*, 680 F. Supp. 2d 1021, 1027 (D. Minn. 2010). Further, although Plaintiff argues that the option of having clergy visits as part of the regular inmate visitation process is insufficient, that the approved Baptist clergy was not satisfactory to him, and that his personal Baptist pastor has not been able to easily contact the necessary Jail official in order to become approved for the Jail's ministry list, the First Amendment simply does not require that prison officials provide inmates with the best possible means of exercising their religious beliefs. *Weinberger v. Grimes*, 2009 WL 331632, at *4 (6th Cir. Feb. 10, 2009); *A'la v. Cobb*, 2000 WL 303014, at *1 (6th Cir. March 14, 2000). Nor are prison inmates entitled under the First Amendment to have religious leaders of their own choosing. *See Burridge v. McFaul*, 1999 WL 266246, at *2 (6th Cir. April 23, 1999); *Blair-Bey v. Nix*, 963 F.2d 162, 163 (8th Cir. 1992). Quite obviously, the circumstance of incarceration often requires restrictions on a prisoner's exercise of his religious beliefs that he would not encounter if he was not incarcerated. *See Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985). Indeed, RLUIPA provides a remedy only upon the showing of a "substantial burden."

Plaintiff's arguments in this action merely show that he encountered some non-substantial burdens or inconveniences in his ability to freely exercise his religious views at the Jail and that he had a personal disagreement with having to adhere to the policies at the Jail. However, a "mere

inconvenience" does not equate to a substantial burden. *Living Water Church of God v. Charter Twp. of Meridian*, 258 Fed.App'x 729, 739 (6th Cir. 2007) (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004)). *See Johnson v. Baker*, 1995 WL 570913 (6th Cir. Sept. 27, 1995) (inmate whose request for separate religious services was denied did not suffer a substantial burden because the prison offered services within his faith that he could attend); *Cayce v. George*, 2011 WL 6754067 (M.D. Tenn. Dec. 23, 2011) (Sharp, J.) (inmate did not suffer a substantial burden when his inability to attend jail church service was caused by a lack of volunteer clergy). Even when the evidence before the Court is viewed in the light most favorable to Plaintiff, there is simply no evidence upon which a reasonable jury could conclude that the Jail policies at issue created a substantial burden on Plaintiff's ability to exercise his religious beliefs. Any factual disputes raised by Plaintiff simply do not rise to the level of genuine issues of material fact.[1]

## RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 23) of Defendants Wilson County, Tennessee, and Robert Bryan be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with

---

[1] Although the Court has addressed the merits of the RLUIPA claim, Plaintiff's response and arguments opposing the motion for summary judgment are largely unsupported by actual evidence and, thus, do not provide a foundational basis rebutting the motion for summary judgment. *See Lujan*, 497 U.S. at 888-89. For example, the statements from Jeffrey Maynard and Katherine Garrett Huddleston are unsworn statements that cannot be considered as evidence rebutting the motion for summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 969 (6th Cir. 1991).

particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge