IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT HUDDLESTON )
)
v. ) NO. 3-14-1552
) JUDGE CAMPBELL
WILSON COUNTY CRIMINAL )
JUSTICE COMPLEX, et al. )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 47) and two Affidavits filed by the Plaintiff (Docket No. 51).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Affidavits, and the file. Nothing in the Affidavits changes the law as applied to this case and set forth in the Report and Recommendation.

Jeffrey Maynard states that he has been unable to visit Plaintiff in the Wilson County Jail. Mr. Maynard also states that his church was cleared to have visitation with inmates and no one would return his calls to the jail. Docket No. 51.

Ms. Katherine Sue Huddleston states that she and others were given visitation privileges by Sheriff Terry Ashe and that they "were allowed to have service and mentor to the women of the Wilson County Jail." Docket No. 51.

Nothing about these two Affidavits changes the law that Plaintiff must show a "substantial burden" on his exercise of religion or the fact that Plaintiff has not presented evidence that he was forced to forego his religious beliefs, violate his religious beliefs, or refrain from worshiping because of Defendants' alleged behavior. Plaintiff has also not pointed the Court to any authority which

would challenge the law that policies requiring the prior approval of religious volunteers in a correctional institution do not constitute a substantial burden under the Religious Land Use and Institutionalized Persons Act of 2000 or the law that money damages are not recoverable under that Act.

Accordingly, Defendants' Motion for Summary Judgment (Docket No. 23) is GRANTED, and this action is DISMISSED. Any other pending Motions are denied as moot, and the Clerk is directed to close the file. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE